IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

DAVID A. BROOKS, :
:
        Plaintiff :
:
VS. :
:
STATE OF GEORGIA, *et al.*, : NO. 1:14-CV-86 (WLS)
:
        Defendants :
: **O R D E R**

*Pro se* Plaintiff **DAVID A. BROOKS**, an inmate at Hays State Prison, filed a 42 U.S.C. § 1983 complaint (Doc. 1) and a motion to proceed *in forma pauperis* (Doc. 2) in the Northern District of Georgia using that Court's standard forms. On May 8, 2014, United States Magistrate Judge Walter E. Johnson transferred Plaintiff's complaint to this Court, because the named Defendants reside, and the relevant events occurred, in the Middle District of Georgia (Doc. 3).

After reviewing Plaintiff's *in forma pauperis* application, the Court finds that Plaintiff is unable to prepay the filing fee. Accordingly, the Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* and waives the initial partial filing fee pursuant to 28 U.S.C. § 1915(b)(1). Plaintiff is nevertheless obligated to pay the full filing fee, using the installment payment plan described in 28 U.S.C. § 1915(b). The prison account custodian shall cause to be remitted to the Clerk of this Court monthly payments of 20% of the preceding month's income credited to

Plaintiff's account (to the extent the account balance exceeds $10) until the $350 filing fee has been paid in full.1  The Clerk of Court is directed to send a copy of this Order to the business manager at Plaintiff's place of incarceration.

## I. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915A(a), a federal court is required to conduct an initial screening of a prisoner complaint "which seeks redress from a governmental entity or officer or employee of a governmental entity."  Section 1915A(b) requires a federal court to dismiss a prisoner complaint that is: (1) "frivolous, malicious, or fails to state a claim upon which relief may be granted"; or (2) "seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous when it appears from the face of the complaint that the factual allegations are "clearly baseless" or that the legal theories are "indisputably meritless." *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993).  A complaint fails to state a claim when it does not include "enough factual matter (taken as true)" to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and that the complaint "must contain something more . . . than … a statement of facts that merely creates a suspicion [of] a legally cognizable right of action") (internal quotations and citations omitted); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)

---

1   The filing fee for a civil action is $350.00.  *See* 28 U.S.C. § 1914(1).  As of May 1, 2013, an additional $50.00 administrative fee is generally imposed.  *Id.* (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule) (Eff. May 1, 2013).  This additional fee does not, however, apply to prisoners who are allowed to proceed *in forma pauperis*.  *Id.*

(explaining that "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice").

In making the above determinations, all factual allegations in the complaint must be viewed as true. **Brown v. Johnson**, 387 F.3d 1344, 1347 (11th Cir. 2004). Moreover, "[p]ro se pleadings are held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed." **Tannenbaum v. United States**, 148 F.3d 1262, 1263 (11th Cir. 1998).

In order to state a claim for relief under section 1983, a plaintiff must allege that: (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. **Hale v. Tallapoosa County**, 50 F.3d 1579, 1581 (11th Cir. 1995). If a litigant cannot satisfy these requirements, or fails to provide factual allegations in support of his claim or claims, then the complaint is subject to dismissal. **See Chappell v. Rich**, 340 F.3d 1279, 1282-84 (11th Cir. 2003) (affirming the district court's dismissal of a section 1983 complaint because the plaintiffs factual allegations were insufficient to support the alleged constitutional violation). **See also** 28 U.S.C. § 1915A(b) (dictating that a complaint, or any portion thereof, that does not pass the standard in section 1915A "shall" be dismissed on preliminary review).

## *II. BACKGROUND*

This case arises out of Plaintiff's 2011 criminal prosecution. He names the State of Georgia and the Tifton Judicial Circuit as the only Defendants. According to Plaintiff, on

February 5, 2011, attorneys from the public defender's office and the attorney general's office unlawfully induced him to enter a guilty plea by scaring him with threats of a more severe sentence, even though Plaintiff "knew [he] was innocent." Plaintiff also raises claims of false imprisonment and defamation.

Plaintiff's requested relief includes that the charges against him be dismissed and that he immediately be released from prison. He also seeks compensatory and punitive damages, together with attorney fees and court costs.

### III. DISCUSSION

Although Plaintiff names only the State of Georgia and the Tifton Judicial Circuit as his Defendants, it is not clear by the latter who he wishes to sue. In addition to being one of Georgia's court circuits, the "Tifton Judicial Circuit" might also reference the District Attorney's Office or the Public Defender's Office. Plaintiff's response on the Northern District's form regarding the Defendant's employment is confusing at best – including that Plaintiff felt the need to respond at all to this item. Moreover, in his statement of claim, Plaintiff makes specific allegations against Assistant District Attorney Ronnie Wheeler and Public Defender John L. Tracy. By contrast, Plaintiff makes no allegations against judges or other state court officials.

Plaintiff apparently does not wish to name Wheeler and Tracy as Defendants. Even if he does, Plaintiff has no section 1983 claim against either of these individuals. *See Polk County v. Dodson*, 454 U.S. 312, 318-19 (1981) (state action); *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976) (prosecutorial immunity).

Nor has Plaintiff asserted a colorable section 1983 claim against the various possible

non-individual Defendants, *i.e.*, the State of Georgia and any of the Tifton Judicial Circuit Court, District Attorney's Office, or Public Defender's Office. Plaintiff alleges only actions or omissions of personnel in the District Attorney's and Public Defender's Offices, and there is no *respondeat superior* or vicarious liability under section 1983.  Moreover, these Defendants would not appear to be suable entities, or would appear to have sovereign immunity, in a section 1983 action.  **See Vermont Agency of Natural Resources v. United States**, 529 U.S. 765, 778 (2000); **Will v. Michigan Dep't of State Police**, 491 U.S. 58, 71 (1989); **McLendon v. Georgia Dep't of Cmty Health**, 261 F.3d 1252, 1256-57 (11th Cir. 2001); **Carr v. City of Florence, Alabama**, 916 F.2d 1521, 1525 (11th Cir. 1990); **Stevens v. Gay**, 864 F.2d 113, 115 (11th Cir. 1989).  **See also** O.C.G.A. § 50-21-23(b) (reserving sovereign immunity in federal actions).

Even if there were valid Defendants Plaintiff could name, most, if not all, of his claims would be dismissed under Georgia's two-year statute of limitations or the Supreme Court's opinion in **Heck v. Humphrey**, 512 U.S. 477 (1994), or as not presenting a federal question.  **See Williams v. City of Atlanta**, 794 F.2d 624, 626 (11th Cir. 1986); **Kelly v Broward Sheriff's Office Dep't of Detention's**, __ F. App'x __, 2014 WL 241747 (11th Cir. Jan 23, 2014).

Finally, in seeking his release from prison, Plaintiff challenges the legality of his present confinement.  Claims attacking the legality of a prisoner's confinement must be presented in a petition for writ of habeas corpus, **following** the exhaustion of state court remedies, not in a section 1983 action.  **Wilkinson v. Dotson**, 544 U.S. 74, 78 (2005) ("[A] prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'") (*quoting* **Preiser v. Rodriguez**, 411 U.S. 475, 489 (1973)).

5

## IV. CONCLUSION

In light of the foregoing, the instant lawsuit is hereby **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915A for failure to state a claim upon which relief may be granted.

**SO ORDERED**, this   24th   day of June, 2014.

/s/     W. Louis Sands
W. LOUIS SANDS
UNITED STATES DISTRICT JUDGE